# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL RYAN PEACOCK, ) <br> Individually and on behalf of all others ) <br> similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> YAKIM MANASSEH JORDAN, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action File No. <br> 1:16-CV-04353-MHC |

## DEFENDANT'S ANSWER TO COMPLAINT

COMES NOW, Yakim Manasseh Jordan, Defendant in the above-referenced action, and files this Answer in response to the Plaintiffs' Complaint as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief may be granted.

## SECOND DEFENSE

This Court lacks personal jurisdiction over the Defendant.

## THIRD DEFENSE

This Court is not the proper venue for the adjudication of Plaintiffs' claims.

1

## FOURTH DEFENSE

Defendant is not the cause of any damage to Plaintiff.

## FIFTH DEFENSE

Defendant asserts the defense of consent. One or more Plaintiffs consented to receive the calls about which they now complain which consent was not subsequently revoked.

## SIXTH DEFENSE

Plaintiffs' claimed damages, if any, were caused in whole or part by the conduct and acts or omissions of one or more persons over whom Defendant exercised no control, for whose conduct, acts, or omissions this Defendant is not legally responsible, and which conduct, acts or omissions the Defendant had no duty or reason to anticipate.

## SEVENTH DEFENSE

Plaintiffs' claims are or may be subject to arbitration and if so this Court does not have subject matter jurisdiction over Plaintiffs' claims.

## EIGHTH DEFENSE

One or more Plaintiffs lack standing to assert claims against Defendant.

## NINTH DEFENSE

The relief requested by Plaintiffs would be so punitive and disproportionate to the alleged damage caused by Defendant, including statutory damages, that allowing such relief would violate Defendant's due process rights under State and Federal law.

## TENTH DEFENSE

The relief request by Plaintiffs, if granted, would violate Defendants rights under the First Amendment of the United States Constitution.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because one or Plaintiffs directed, encouraged, consented to, ratified, or acquiesced to all the alleged actions of the Defendant and thus are not entitled to relief for any communications expressly requested or authorized.

## TWELVTH DEFENSE

Defendant asserts the defense of risk assumption – one or more Plaintiffs assumed the risk of the alleged damage they now complain of.

## THIRTEENTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

1. Defendant admits that this matter purports to be a class action seeking relief pursuant to the Telephone Consumer Protection Act. Defendant denies all remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. There are no factual allegations contained in Paragraph 2 of Plaintiffs' Complaint relating to this Defendant. Defendant admits the Federal Communications Commission is authorized to promulgate rules implementing the Telephone Consumer Protection Act. Defendant denies all remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. There are no factual allegations contained in Paragraph 3 of Plaintiffs' Complaint relating to this Defendant. Defendant denies that Plaintiffs' have completely quoted the Telephone Consumer Protection Act. Defendant denies all remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. Defendant admits being identified in one or more civil actions as a defendant. Defendant denies all remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint.

## PARTIES

7. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Defendant admits he is a natural person. Defendant admits being a resident of Broward County, Florida for some, but not all of the 4 year period identified in paragraph 14 of the Complaint. Defendant denies all remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

9. Defendant admits the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Defendant admits that this Court has federal question jurisdiction. Defendant denies all remaining allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits traveling around the country for speaking engagements. Defendant denies all remaining allegations contained in paragraph 12 of Plaintiffs' Complaint.

## CLASS ACTION ALLEGATIONS (N.D. Ga LR 23.1)

13. Defendant denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. Defendant admits that Plaintiff seeks to certify a class of individual plaintiffs; however, Defendant denies that such certification is appropriate and denies all remaining allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

## FACTS

19. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. Defendant is without sufficient knowledge to admit or deny the allegations relating to what Plaintiff did in response to any phone call he allegedly received. Defendant is also without sufficient knowledge to admit or deny the allegations relating any specific message Plaintiff alleges to have received. Defendant denies all remaining allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. Defendant admits recognizing some or all of the language quoted in paragraph 24 of Plaintiffs' Complaint. Defendant denies all remaining allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. Defendant admits that it does not make any phone calls to collect debt owed or guaranteed by the United States. Defendant denies all remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. Defendant admits being named in one or more civil actions. Defendant denies all remaining allegations contained in paragraph 29 of Plaintiffs' Complaint.

30. Defendant admits being named in one or more civil actions. Defendant denies all remaining allegations contained in paragraph 30 of Plaintiffs' Complaint.

## CAUSES OF ACTION

### COUNT I:

### Violation of the TCPA, 47 U.S.C. §227, *et seq.*

31. Defendant denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. Defendant denies all remaining allegations contained in Plaintiffs' Complaint not specifically admitted herein.

Respectfully submitted this 12 day of April, 2017.

                                          BEDARD LAW GROUP, P.C.

                                          /s/ John H. Bedard, Jr.
                                          John H. Bedard, Jr.
                                          Georgia Bar No. 043473

2810 Peachtree Industrial Blvd, Suite D
Duluth, GA 30097
Phone: 678-253-1871
jbedard@bedardlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MICHAEL RYAN PEACOCK, )<br>Individually and on behalf of all others )<br>Similarly situated, )<br> )<br>      Plaintiffs, )<br> )<br>v. )<br> )<br>YAKIM MANASSEH JORDAN, )<br> )<br>      Defendant. )<br>_____ ) | Civil Action File No.<br>1:16-CV-04353-MHC |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2017, I electronically filed this Answer of Defendant using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

    Michael Ryan Peacock
    Michael@nhphlaw.com

                                        Respectfully submitted,

                                        /s/ John H. Bedard, Jr.
                                        John H. Bedard, Jr.
                                        Georgia Bar No. 043473