IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL RYAN PEACOCK, Individually and on behalf of all others similarly situated, | CIVIL ACTION NO. 1:16-cv-04353-MHC |
| Plaintiffs, | |
| v. | |
| YAKIM MANASSEH JORDAN, | |
| Defendant. | |

## YAKIM MANASSEH JORDAN'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Answer – Defendant has been properly identified by Plaintiff.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

1

**Answer – Defendant does not contend that any necessary parties to this action have been omitted. Defendant intends to modify this response should subsequently discovered information necessitate such modification.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.

**Answer – Defendant asserts that it has not violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, as alleged in Plaintiff's Complaint or that the matter is capable of being certified as a class action. Defendant is a traveling Christian minister and the chief executive officer of Manasseh Jordan Ministries, Inc. (the "Ministry"), a §501(c) not for profit religious organization. The Ministry relies upon the donations and contributions of Defendant's spiritual followers. One of the ways the Ministry communicates with its followers is by placing telephone calls to them using telephone numbers which have been voluntarily provided to the Ministry by its followers. Defendant does not make these telephone calls himself. Rather, these calls are made by the Ministry as part of its outreach program. The Ministry makes telephone calls to individuals who have expressly consented to receive such telephone calls.**

**Defendant intends to demonstrate that Defendant had consent to place telephone calls to the telephone number at issue, that the total number of calls claimed by Plaintiff is far less than what he has asserted, and that the matter is not capable of being certified as a class of action due to a multitude of individualized factual inquiries and an inherent conflict of interest in Plaintiff serving as both the class representative and class counsel.**

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative law which defendant contends are applicable to this action.

**<u>Answer</u> – Plaintiff alleges that Defendant has violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)

**<u>Answer</u> – Please see Attachment A.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all

3

experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Answer – None at this time.  Defendant intends to supplement this Response should he retain such an expert.  There is no Attachment B presently attached.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subject of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Answer – Please see Attachment C.**

(8) In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is base, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Answer – No damages have been claimed by Defendant at this time. Defendant reserves his right to seek attorney's fees and costs should Defendant prevail in this action.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Answer – At this time Defendant does not contend that another person or legal entity is liable to Plaintiff or Defendant.**

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Answer – No claim has been made on or against any potentially applicable policy of insurance.**

This 12th day of May, 2017.          Respectfully submitted,

**BEDARD LAW GROUP, P.C.**

/s/ Michael K. Chapman
John H. Bedard, Jr.
Georgia Bar No. 043473
Michael K. Chapman
Georgia Bar No. 322145

*Counsel for Defendant,*
*Yakim Manasseh Jordan*

Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd.,
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
E-mail: jbedard@bedardlawgroup.com
E-mail: mchapman@bedardlawgroup.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

This 12th day of May, 2017.          Respectfully submitted,

/s/ Michael K. Chapman
Michael K. Chapman
Georgia Bar No. 322145

**Attachment A**

Defendant responds to Initial Disclosure No. (5) as follows:

1. Plaintiff, Michael R. Peacock.

    Plaintiff is believed to have knowledge concerning the claims alleged in his Complaint, including the alleged basis for Defendant's liability, the nature and extent of Plaintiff's alleged damages, his qualifications and background relative to serving as class representative and class counsel, as well as, knowledge of documentation regarding the foregoing.

2. Defendant, Yakim Manesseh Jordan.

    Chief Executive Officer of Manesseh Jordan Ministries, Inc. Mr. Jordan is expected to have knowledge as to the religious message of the Ministry and the content of telephone messages bearing his voice.

3. Frank Juliano.

    Chief Operating Officer of Manesseh Jordan Ministries, Inc. Mr. Juliano is believed to have knowledge as to the Ministry's outreach program, how the Ministry obtains telephone numbers, the vendor the Ministry uses to make telephone calls to followers, and documentation relative to the foregoing.

4. Currently unknown employees or representatives of Ytel, Inc.

One or more employees or representatives of Ytel, Inc. is believed to have knowledge as to any telephone calls made to Plaintiff, telephone calls made to putative class members, the source of the telephone numbers used to make these calls, the system(s) used to make these calls, the capibilities and attributes of the system(s) used to make these calls, and documentation regarding the foregoing.

*Defendant intends to supplement or otherwise modify his response to this Disclosure as necessary.*

## Attachment C

In response to Initial Disclosure No. (7), Defendant identifies the following documents:

1. Telephone numbers of spiritual followers obtained by the Ministry to which telephone calls were placed.

*Defendant intends to supplement or otherwise modify his response to this Disclosure as necessary.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL RYAN PEACOCK, Individually and on behalf of all others similarly situated, | ) ) ) ) | CIVIL ACTION NO. 1:16-cv-04353-MHC |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| YAKIM MANASSEH JORDAN, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed Defendant's Initial Disclosures using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney(s) of record:

    Michael Ryan Peacock
    michael@nhphlaw.com

This 12th day of May, 2017.        Respectfully submitted,

                                                BEDARD LAW GROUP, P.C.

                                                /s/ Michael K. Chapman
                                                Michael K. Chapman
                                                Georgia Bar No. 322145