IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL RYAN PEACOCK, Individually and On Behalf of All Others Similarly Situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION |
| v. ) ) | NO. 1:16-cv-04353-MHC |
| YAKIM MANASSEH JORDAN, ) ) | |
| Defendant. ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Plaintiff, Michael Ryan Peacock, brought this action against Defendant, Yakim Manasseh Jordan, to assert claims for violations the Telephone Consumer Protection Act ("TCPA") - specifically, 47 U.S.C. § 227(b)(1)(A).  Plaintiff asserts said claims on his own behalf and on behalf of all other similarly situated persons in the United States of America.

Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety.  Since the TCPA's passage in 1991, the Federal Communications Commission ("FCC") has taken

multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA. In implementing the TCPA, "the Commission sought to reasonably accommodate individuals' rights to privacy as well as the legitimate business interests of telemarketers and other callers." In re Rules & Regulations Implementing the TCP Act of 1991 *et al.*, 30 FCC Rcd 7961, 7969, 2015 FCC LEXIS 1586, *10-11, 62 Comm. Reg. (P & F) 1539, 2015 FCC LEXIS 1586, 62 Comm. Reg. (P & F) 1539 (F.C.C. July 10, 2015).

> The TCPA and the [Federal Communication] Commission's implementing rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to *residential* telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("auto dialer") *or* an artificial or prerecorded voice to a *wireless* telephone number without prior express consent. If the call includes or introduces an advertisement or constitutes telemarketing, consent must be in writing. If an autodialed or prerecorded call to a wireless number is not for such purposes, the consent may be oral or written as well as the legitimate business interests of telemarketers" and other callers.

***

>Apart from the Commission's enforcement, the law grants consumers a private right of action, with provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation.

*Id*.

Plaintiff alleges that beginning in late-2014 and continuing until about November 2016, Defendant (or Defendant's agents) began placing calls containing prerecorded messages to Plaintiff's cellular telephone number.  However, Defendant obtained neither Plaintiff's express consent nor Plaintiff's express written consent prior to making the calls complained of herein ("the offending calls").  Thus, pursuant to the TCPA and its implementing regulations, Plaintiff now seeks damages in the amount of $500.00 for each violation of the TCPA, as mandated by statute.  Moreover, Plaintiff prays that the Court treble any award of damages should it determine that Defendant knowingly and willfully violated the law.

Plaintiff has filed a motion to certify a nationwide class of similarly situated individuals, defined as follows:

**"All persons or entities in the United States who, on or after November 23, 2012, received a call to their cellular telephone line with a pre-recorded message, made by or on behalf of Defendant**."

Defendants have filed a response opposing class certification on a number of grounds. Plaintiff intends to file a reply in due course.

Discovery on the following subject matters is necessary to determine: (i) what type of consent Defendants were required to obtain prior to making the offending calls, (ii) the damages stemming from each of the offending calls, and (iii) the identities of the putative class members:

- the content of the prerecorded voice messages disseminated by Defendant via telephone;

- whether the prerecorded voice messages constitute telemarketing within the meaning of the TCPA and its implementing regulations;

- whether the prerecorded voice messages were placed to residential phone lines, mobile phone lines, or both;

- the numbers and equipment used by Defendant to place the offending calls;

- the names of the owners/subscribers of the telephone numbers dialed by Defendants; and

- the names of all called persons who Defendants claim consented to the calls.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

The TCPA provides that it is unlawful for any person to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, a mobile telephone service, a specialized mobile radio service or any service for which the called party is charged for the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii). Congress authorized the Federal Communications Commission (FCC) to implement rules and regulations enforcing the TCPA. *See* 47 U.S.C. § 227(b)(2). Importantly, Congress also authorized a private right of action for individuals aggrieved by violations of the TCPA. The private right of action is the trigger that allows for class action lawsuits and imposes hefty statutory penalties. Specifically, the TCPA allows a plaintiff to recover actual monetary damages, or alternatively, $500 in damages for each violation, whichever is greater, and up to $1,500 if the court finds that such violation is "willful or knowing." *See* 47 U.S.C. § 227(b)(3).

Plaintiff anticipates that Defendants will claim or argue that Plaintiff and other class members consented to the calls. Thus, the following TCPA case law could be particularly pertinent in this case: *In Modica v. Green Tree Servicing, LLC*, No.

14 C 3308 (ND IL 2015) (capturing the number by caller ID does not constitute sufficient consent under the TCPA).  *See generally,* 47 C.F.R. § 64.1200§ 64.1200.

With respect to calculating damages, the Eleventh Circuit recently held that TCPA violations are $500.00 per violation and not per call. *In Lary v. Trinity Physician* 780 F.3d 1101 (11th Cir. 2015) (Plaintiff alleged a single call constituted multiple violations because it was both an unsolicited advertisement and a call to an emergency telephone line. The Court held that there is no language in 227(b)(1) limiting recovery of $500 per call or fax).

With respect to class certification, Plaintiff has identified the following statutes and case law as applicable in this case:

Fed. R. Civ. P. 23;

*Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012);

*Karhu v. Vital Pharms., Inc.*, 621 Fed. Appx. 945, 946 (11th Cir. 2015);

*Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004);

*See Booth v. Appstack, Inc.,* No. C13-1533JLR, 2015 U.S. Dist. LEXIS 40779, at *9 (W.D. Wash. Mar. 29, 2015) (similarly defined class in action asserting claims for violations of the TCPA was ascertainable);

*Manno v. Healthcare Revenue  Recovery Grp., LLC,* 289 F.R.D. 674, 684 (S.D. Fla. 2013);

*Taylor v. Universal Auto Grp. I, Inc.*, No. 3:13-cv-05245-KLS, 2014 U.S. Dist. LEXIS 164312, at *11 (W.D. Wash. Nov. 24, 2014);

*In re Tri-State Crematory Litig.*, 215 F.R.D. 660, 690 (N.D. Ga. 2003);

*Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, 527 (E.D. Wis. 2014); and

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-CV-3066-JEC, 2009 U.S. Dist. LEXIS 30937, at *31 (N.D. Ga. Feb. 9, 2009).

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

*See* Attachment A.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

*See* Attachment B.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to**

**support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

*See* Attachment C.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.**

*See* Attachment D.

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

*See* Attachment E.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest**.

N/A.

Respectfully submitted this 17th day of May, 2017.

                                      s/ Michael Ryan Peacock
                                      Plaintiff, *Pro-Se*
                                      GA Bar. 001356

NEY HOFFECKER PEACOCK & HAYLE, LLC
One Midtown Plaza, Suite 1010
1360 Peachtree Street N.E.
Atlanta, Georgia 30309
404-760-7396
470-225-6646 Fax
michael@nhphlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL RYAN PEACOCK,<br>Individually and on behalf of all others<br>similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>YAKIM MANASSEH JORDAN,<br><br>      Defendant.<br>_____ | CIVIL ACTION NO.<br>1:16-cv-04353-MHC |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2017, I electronically filed Plaintiffs' Initial Disclosures using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

John H. Bedard, Jr.
jbedard@bedardlawgroup.com

Michael K. Chapman
mchapman@bedardlawgroup.com

                                           s/ Michael Ryan Peacock, Esq.
                                           Plaintiff, *Pro-Se*
                                           GA Bar. 001356

Ney Hoffecker Peacock & Hayle, LLC
One Midtown Plaza, Suite 1010
1360 Peachtree Street N.E.
Atlanta, Georgia 30309
404-760-7396
470-225-6646 Fax
michael@nhphlaw.com